UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>          Defendants. | No. 2:21-mc-0076 KJM DB |
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>          Defendants. | No. 2:21-mc-0077 KJM DB |

1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>    Defendants. | No. 2:21-mc-0078 KJM DB |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>    Defendants. | No. 2:21-mc-0079 KJM DB |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>    Defendants. | No. 2:21-mc-0080 KJM DB |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>    Defendants. | No. 2:21-mc-0081 KJM DB |

| | | |
|---|---|---|
| 1 | | |
| 2 | UNITED STATES OF AMERICA, | No. 2:21-mc-0082 KJM DB |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | RONALD STEVEN SCHOENFELD, | |
| 6 | Defendants. | |
| 7 | | |
| 8 | | |
| 9 | UNITED STATES OF AMERICA, | No. 2:21-mc-0083 KJM DB |
| 10 | Plaintiff, | |
| 11 | v. | |
| 12 | RONALD STEVEN SCHOENFELD, | |
| 13 | Defendants. | |
| 14 | | |
| 15 | | |
| 16 | UNITED STATES OF AMERICA, | No. 2:21-mc-0095 KJM DB |
| 17 | Plaintiff, | |
| 18 | v. | |
| 19 | RONALD STEVEN SCHOENFELD, | |
| 20 | Defendants. | |
| 21 | | |
| 22 | | |
| 23 | UNITED STATES OF AMERICA, | No. 2:21-mc-0096 KJM DB |
| 24 | Plaintiff, | |
| 25 | v. | |
| 26 | RONALD STEVEN SCHOENFELD, | |
| 27 | Defendants. | |
| 28 | | |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>　　　　　Defendants. | No. 2:21-mc-0107 KJM DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

In each of these related actions the United States has filed an application for a writ of continuing garnishment as to accounts connected with judgment debtor Ronald Steven Schoenfeld and Jeanette Edler.[1] (ECF No. 6.) Schoenfeld and Elder have filed objections as to all but one of these applications.[2] For the reasons explained below, the undersigned recommends that the objections be overruled and the applications be granted.

**BACKGROUND**

Ronald Steven Schoenfeld ("Schoenfeld") and Jeanette Edler ("Edler") are married and reside in Arizona. (Schoenfeld Decl. (ECF No. 27-1) at 3.[3]) On August 31, 2020, Schoenfeld pled guilty to one count of violation of 18 U.S.C. § 371, conspiracy to commit wire fraud. <u>United States of America v. Ronald Steven Schoenfeld</u>, No. 2:20-cr-0150 KJM. On January 25, 2021, the assigned District Judge sentenced Schoenfeld to 22 months' incarceration and ordered him to pay restitution in the amount of $1,476,295, as well as a $100 special assessment. <u>Id.</u> at ECF No. 37.

In March of 2021, the United States filed the above applications for a writ continuing garnishment. The assigned District Judge related these actions. (ECF No. 9.) Thereafter, Edler

---

[1] Because the motions and briefing are identical in each of the nine related cases in which objections have been filed, these findings and recommendations will simply cite to the docket in case No. 2:21-mc-0076 KJM DB.

[2] No objections were filed in case No. 2:21-mc-0077 KJM DB.

[3] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

filed a motion to intervene and Schoenfeld and Edler filed a motion to transfer venue, as well as objections to the writs. The assigned District Judge referred those filings to the undersigned. (ECF No. 21.)

After reviewing the parties' briefing the undersigned issued an order granting Edler's motion to intervene, denying the motion to transfer, and setting a hearing with respect to the objections. On October 29, 2021, the United States filed an opposition to the objections. (ECF No. 28.) Schoenfeld and Edler filed a reply on November 5, 2021. (ECF No. 29.) On November 8, 2021, the objections were taken under submission.

## ANALYSIS

In objecting to the writs of continuing garnishment Schoenfeld and Edler ("objectors") assert the following three arguments: (1) no debt is currently due; (2) the government may not garnish accounts which require Edler's consent; and (3) the restitution award is not binding on Schoenfeld and Edler's community property pursuant to Arizona law. (Objs. (ECF No. 14) at 4.)

**I.     The Debt is Currently Due**

Pursuant to the Federal Debt Collection Practices Act ("FDCPA"):

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. A court may issue simultaneous separate writs of garnishment to several garnishees.

28 U.S.C. § 3205(a).

Moreover, the Mandatory Victims Restitution Act ("MVRA") requires "defendants convicted of certain crimes to pay their victims restitution." Lagos v. U.S., 138 S. Ct. 1684, 1687 (2018). The MVRA "applies 'in all sentencing proceedings for convictions of . . . an offense against property under this title . . . including any offense committed by fraud or deceit,' 18 U.S.C. § 3663A(c)(1)(A)(ii), a court must order restitution to each victim in the full amount of the victim's losses, 18 U.S.C. § 3664(f)(1)(A)." United States v. Gagarin, 950 F.3d 596, 607 (9th Cir. 2020).

However, "while [t]he full amount of restitution is to be based on each victim's losses and without consideration of the economic circumstances of the defendant . . . . the court must consider the defendant's financial resources, income, and obligations before specifying the manner in which, and the schedule according to which, the restitution is to be paid." United States v. Hughes, CASE NO. 1:02-cr-5370 AWI EPG, 2021 WL 4819623, at *1 (E.D. Cal. Oct. 15, 2021) (quoting 18 U.S.C. § 3664(f)). "In so doing, the court may require the defendant to pay the restitution amount in 'a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.'" Id.

"[A] defendant ordered to pay restitution in installments need not immediately pay the full amount," but "need only make payments at the intervals and in the amounts specified by the order." U.S. v. Martinez, 812 F.3d 1200, 1205 (10th Cir. 2015). And "the government cannot enforce the restitution order beyond the monthly payment schedule." Id. Thus, "[w]hen a restitution order specifies an installment plan, unless there is language directing that the funds are *also immediately due*, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan." United States v. Hughes, 914 F.3d 947, 949 (5th Cir. 2019) (emphasis added).

Here, objectors argue that "the plain terms of the oral transcripts and the written restitution order . . . determined that Schoenfeld would pay in installments." (Reply (ECF No. 29) at 4.) While reasonable minds may differ, it seems to the undersigned that the oral transcripts and written order do not support objectors' argument.

In this regard, at Schoenfeld's sentencing the assigned District Judge thoroughly considered both the amount of restitution to order and Schoenfeld's ability to pay. (Transcripts Jan. 25, 2021 Sentencing, 20-cr-0150 KJM DB (ECF No. 48) at 38-40.) While acknowledging that it may take "the rest of his life, if the number can be paid off," and allowing that Schoenfeld "may pay in installments if that's all [Schoenfeld] can do," the assigned District Judge nonetheless ordered that the restitution amount was "due immediately." (Id. at 39-40.)

The assigned District Judge also directed Schoenfeld to "look for the language" in the written judgment that "may include a standard . . . provision for payment of restitution in

minimum installments . . . given Mr. Schoenfeld's financial situation." (Id. at 40.) The written order—the Judgment in A Criminal Case form—states that while payment "may be" made in installments, payment of the award is "to begin immediately." (20-cr-0150 KJM DB (ECF No. 38) at 8.) In this regard, it seems to the undersigned that while the assigned District Judge was aware that Schoenfeld ultimately may only be able to pay installments, the oral and written orders did not preclude payment greater than the set forth minimum installments if Schoenfeld was able to pay more than the installment payments.[4]

In opposing the writs of garnishment objectors rely significantly on United States v. Grigsby, Case No. 12-10174-JTM, 2016 WL 1056560, (D. Kansas, Mar. 16, 2016), which held, in relevant part, that the government could "not enforce the restitution order beyond the monthly payment schedule." Id. at *2. In addition to being an out-of-district case, in Grigsby there was nothing "in the oral pronouncement [to] suggest[] that the district court intended to make the full restitution amount due immediately." Id. Here by contrast, the assigned District Judge stated that restitution amount was "due immediately." (Transcripts Jan. 25, 2021 Sentencing, 20-cr-0150 KJM DB (ECF No. 48) at 40.)

Accordingly, the undersigned finds objectors' argument unpersuasive.

## II.    Edler's Consent

Objectors assert that the government may not garnish accounts which require Edler's consent for distribution. (Objs. (ECF No. 14) at 8.) In support of this assertion they note that in U.S. v. Cullenward, Nos. 2:14-mc-22-JAM KJN, 2:14-mc-23-JAM KJN, 2014 WL 4361553, at *4 (E.D. Cal. Apr. 9, 2014), the court found that the government could not "unilaterally . . . cash out a retirement plan when ERISA requires that lump sum payments be made payable only with spousal consent." (Objs. (ECF No. 14) at 8.)

////

---

[4] The issue of Schoenfeld's ability to pay the restitution award is not before the undersigned. The United States asserts that it has "frozen a total of $1,477,356 in financial accounts, Schoenfeld has equity of $448,865-$774,102 in two homes . . . has regularly monthly household income of $6,366 per month," and that Schoenfeld failed "to list over $600,000 in community assets." (Opp.'n (ECF No. 28) at 9, 11.)

7

However, they then concede that the "the account at issue here is not subject to ERISA," but urge that the Cullenward holding is nonetheless "still persuasive," as to "the safety deposit box in question," which they assert contains "items constituting Elder's sole and separate property[.]" (Id. at 9.) Objectors do not provide any further elaboration or support. As such, this argument is vague, conclusory, and unpersuasive.

### III. Community Property

The objectors' final argument is that Schoenfeld's restitution judgment is not enforceable against the objectors' community property under Arizona law. (Objs. (ECF No. 14) at 9.) According to the objectors "under Arizona law, it is necessary that both spouses be parties to the judgment in order to bind the community." (Id. at 11.)

However, as the United States notes, Edler could not have been a party to the criminal judgment against Schoenfeld in the absence of any criminal wrongdoing by Edler. (Opp.'n (ECF No. 28) at 12.) And the Ninth Circuit has held that "consistent with Arizona law, a federal judgment from a district other than the District of Arizona . . . in which only one spouse was named in the underlying action, may nevertheless be executed on the community property of both spouses, in Arizona, if the judgment is for a community obligation, despite failure to name the other spouse in the action filed outside Arizona." Gagan v. Sharar, 376 F.3d 987, 992 (9th Cir. 2004).

Accordingly, the undersigned finds objectors' argument unpersuasive. See Gagan v. Monroe, 269 F.3d 871, 874 (7th Cir. 2001) ("However, Monroe's fraudulent conduct, if successful, would have enriched the marital community, and so under Arizona law it would be treated as a community debt."); Arnaudov v. Kitchukov, No. MC-16-0085 PHX DJH, 2021 WL 2482521, at *1 (D. Ariz. Feb. 22, 2021) (recommending objection asserting "under Arizona law, the account cannot be garnished as the judgment, obtained in the Northern District of California . . . is against Judgment Debtor only and not against the spouse" be overruled); Parenteau v. Prescott Unified School District, No. CV-07-8072 PCT NVW, 2009 WL 10673616, at *5 (D. Ariz. Dec. 9, 2009) ("If Lassen's argument that the Lassen community property is exempt from execution because Mrs. Lassen was not joined before Judgment was entered succeeded, every

litigation-related monetary sanction imposed by a federal or state trial judge upon a married Arizona lawyer for frivolous or other wrongful litigation actions would be uncollectible against such lawyer's community property and would not deter lawyers from filing groundless or frivolous litigation.").

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that the objections be overruled and plaintiff's applications for Writs of Continuing Garnishment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 4, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\USvSchoenfeld0076.obj.f&rs