# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>    Defendants. | No. 2:21-mc-0076 KJM DB |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>    Defendants. | No. 2:21-mc-0077 KJM DB |

1

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, | No. 2:21-mc-0078 KJM DB |
| 2 |     Plaintiff, | |
| 3 |   v. | |
| 4 | RONALD STEVEN SCHOENFELD, | |
| 5 |     Defendants. | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES OF AMERICA, | No. 2:21-mc-0079 KJM DB |
| 9 |     Plaintiff, | |
| 10 |   v. | |
| 11 | RONALD STEVEN SCHOENFELD, | |
| 12 |     Defendants. | |
| 13 | | |
| 14 | | |
| 15 | UNITED STATES OF AMERICA, | No. 2:21-mc-0080 KJM DB |
| 16 |     Plaintiff, | |
| 17 |   v. | |
| 18 | RONALD STEVEN SCHOENFELD, | |
| 19 |     Defendants. | |
| 20 | | |
| 21 | | |
| 22 | UNITED STATES OF AMERICA, | No. 2:21-mc-0081 KJM DB |
| 23 |     Plaintiff, | |
| 24 |   v. | |
| 25 | RONALD STEVEN SCHOENFELD, | |
| 26 |     Defendants. | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>　　　　　Defendants. | No. 2:21-mc-0082 KJM DB |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>　　　　　Defendants. | No. 2:21-mc-0083 KJM DB |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>　　　　　Defendants. | No. 2:21-mc-0095 KJM DB |
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>　　　　　Defendants. | No. 2:21-mc-0096 KJM DB |

3

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, | No. 2:21-mc-0107 KJM DB |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | RONALD STEVEN SCHOENFELD, | ORDER |
| 5 | Defendants. | |

The writ of garnishment matters captioned above were referred to a United States Magistrate Judge. On January 5, 2022, the magistrate judge filed findings and recommendations, which were served on the parties, and contained notice that any objections were to be filed within thirty days after service. *See generally* F. & R., ECF No. 32.[1] Defendant Ronald Schoenfeld and intervener Jeanette Edler (objectors) filed objections, Obj., ECF No. 33,[2] and the government replied, Reply, ECF No. 34.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of these matters. Having reviewed the files, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court addresses and rejects the objections to the magistrate judge's findings and recommendations here. Defendant Schoenfeld and intervener Edler contend the government is prohibited from garnishing their retirement or investment accounts, properties, or safety deposit box because Schoenfeld is not in default under the terms of the restitution order; and even if he was, the plan or accounts held solely in Edler's name require her consent prior to any disbursement. Obj. at 4, 15.

Objectors first argue the magistrate judge "failed to apply correct statutory construction principles" in determining payment was "due immediately." Obj. at 4. The court disagrees. The court in its oral pronouncement ordered restitution and expressly stated "[i]t's due immediately."

---

[1] The objections and findings and recommendations are identical in each of related cases. The court cites to the docket in case no. 2:21-mc-0076 KJM DB.

[2] The objectors have not filed objections to the findings and recommendations in case no. 2:21-mc-0077 KJM DB.

Hr'g Tr. at 40:1–7, *United States v. Schoenfeld*, No. 20-150 (E.D. Cal. Jan. 25, 2021), ECF No. 48. The court went on to acknowledge Schoenfeld "may pay in installments if that's all [he] can do." *Id.* at 40:7–8. The court's use of the permissive "may" as opposed to the mandatory "shall," along with the conditional "if" signals the installment plan is available only if Schoenfeld is unable to pay the entire amount "immediately." *Id.*; *see United States v. Gagarin*, 950 F.3d 596, 609 (9th Cir. 2020) (upholding restitution order stating lump sum payment "due immediately," with the balance due "'in accordance with' an installment plan"). This court's oral pronouncement is properly understood as requiring payment due "immediately" with the remainder—i.e., any portion of the restitution amount not paid "immediately"— due in accordance with a payment plan. Hr'g Tr. at 40:1–8.

The court confirmed in its written order "payment [was] to begin immediately," and would become due "during imprisonment." J. at 8, *United States v. Schoenfeld*, No. 20-150 (E.D. Cal. Jan. 25, 2021), ECF No. 38. The court articulated such payment "may" be combined with a payment plan to begin after release. *Id.* The inclusion of the payment plan does not negate requirement that payment is "due immediately." *See United States v. Elwood*, 757 F. App'x 731, 735 (10th Cir. 2018) (unpublished) (holding court's order of payment "due immediately" along with post confinement payment plan did not negate requirement of immediate payment nor did it defer payment until after release). In sum, the court articulated through both its oral and written pronouncements that payment was "due immediately." Hr'g Tr. at 40:1–8; J. at 8.

Objectors next argue the magistrate judge failed to apply "established Ninth Circuit precedent." Obj. at 4. However, objectors' reliance on the Ninth Circuit case, *United States v. Holden*, is misguided. *See* 908 F.3d 395 (9th Cir. 2018). The order in *Holden* was internally inconsistent, given the lower court both ordered restitution was due immediately and imposed a payment plan during imprisonment. *Id.* at 404 (emphasis added). Here, by contrast, the court's order is consistent. Unlike in *Holden*, the court ordered payment "due immediately" during imprisonment with any remainder—i.e., any portion of the restitution amount not paid "immediately"— due in accordance with a payment plan after imprisonment. J. at 8 (emphasis added).

Objectors further argue the magistrate judge "improperly relied" on *United States v. Hughes*, 914 F.3d 947 (5th Cir. 2019) and that court's reading of *United States v. Martinez*, 812 F.3d 1200 (10th Cir. 2015). Obj. at 4. While the magistrate judge does cite to *Hughes*, she does not rely solely on *Hughes* in reaching her conclusion, *see generally* F. & R.; nor did the court in *Hughes* misinterpret the court's ruling in *Martinez*, *see Martinez*, 812 F.3d at 1206 (finding "government could not usurp the district court's role by enforcing payments not yet due under the court-ordered payment schedule"); *Hughes*, 914 F.3d at 949 (agreeing with Tenth Circuit's *Martinez* decision and finding "[w]hen a restitution order specifies an installment plan, unless there is language directing that the funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan").

Lastly, objectors argue the magistrate judge "failed to properly consider Edler's argument that [Ninth Circuit] authority prohibits collection from an account held solely in the name of a judgment debtor's spouse." Obj. at 15. Specifically, Edler argues the caselaw supports her position that "[t]he government cannot garnish the accounts which are solely in Elder's name" and on which "Schoenfeld is not listed as an account holder in any way," absent her consent. *Id.* at 16. However, the cases objectors cite do not control here. *See United States v. Novak*, 476 F.3d 1041, 1043 (9th Cir. 2007); *United States v. Cullenward*, 2014 WL 4361553 (E.D. Cal. 2014); *United States v. Swenson*, 971 F.3d 977, 983–85 (9th Cir. 2020). All three cases involve benefits governed by federal statutes that preempt state community property law.

In *Novak*, the Ninth Circuit noted retirement plans covered by the Employee Retirement Income Security Act (ERISA) are a "species of property rights . . . governed exclusively by federal law." 476 F.3d at 1061. Thus, the court held "though state law ordinarily informs the delineation of 'property,' the interpretation of the term 'property or [a] right[ ] to property' in the [ERISA] context must be determined by taking into account federal law." 476 F.3d at 1061. *Cullenward* also discussed ERISA and "its unique policy concerns involving retirement accounts." 2014 WL 4361553, at *4. There, reviewing *Novak*, the district court held "[i]f the government is unable to cash out a *criminal defendant's own retirement plan* when ERISA and/or

6

the plan requires spousal consent . . . , the government certainly cannot cash out the *spouse's retirement plan* without that spouse's consent." *Id.* (emphases in original). Again, retirement plans under ERISA are unique in that ERISA preempts state community property law. *See Boggs v. Boggs*, 520 U.S. 833, 841 (1997). And objectors concede no account here is subject to ERISA. *See, e.g.*, Mot. to Transfer Venue at 9, ECF No. 14.

The final case objectors cite is *United States v. Swenson*. *See* 971 F.3d at 985. The objectors argue the Ninth Circuit's decision in *Swenson* clarified the court's holding in *Novak*, and that, together, these two cases stand for the proposition that "the government [cannot] garnish a defendant's spouse's individual accounts under a community property theory." Obj. at 17. The objectors' reliance on this Social Security Act (SSA) case is misplaced. In *Swenson*, the government sought to garnish a spouse's social security benefits, which the court concluded were not "a divisible community asset" under Idaho state law. 971 F.3d at 983–85. Put differently, the government could not garnish the spouse's social security benefits because the SSA preempts state community property principles, meaning defendant himself would not be entitled to those benefits, "[i]rrespective of the restitution order." *Id.* at 985.

Here, objectors do not argue the assets in question are governed exclusively by federal law, thereby preempting the application of Arizona community property principles. *See* Mot. Quash at 9, ECF No. 14. So, Arizona state community property law applies. *See Novak*, 476 F.3d at 1061; 28 U.S.C. § 3205(a) ("Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located."); 28 U.S.C. § 3010(a) ("The remedies available to the United States under this chapter may be enforced against property which is co-owned by a debtor and any other person only to the extent allowed by the law of the State where the property is located.").

Under Arizona state law, all property acquired during marriage is presumed to be community property, "irrespective of which spouse holds the legal title." *Arizona Cent. Credit Union v. Holden*, 6 Ariz. App. 310, 312 (1967); *see* Ariz. Rev. Stat. Ann. § 25-211. This includes vested or non-vested pension rights acquired during marriage. *Johnson v. Johnson*, 131 Ariz. 38, 41, 638 P.2d 705, 708 (1981). "Further, debts incurred during marriage are presumed to be

7

community debts, and the party who contends otherwise has the burden of overcoming the presumption by clear and convincing proof." *Lorenz-Auxier Fin. Grp., Inc. v. Bidewell*, 160 Ariz. 218, 219 (Ct. App. 1989). "The community property is liable for a spouse's debts incurred outside of this state during the marriage which would have been community debts if incurred in this state." Ariz. Rev. Stat. Ann. § 25-215(C).

In sum, the government may reach community property for payment of community debt but not separate property. *See Samaritan Health Sys. v. Caldwell*, 191 Ariz. 479, 480 (Ct. App. 1998) (permitting hospital to "look to the entirety of a spouse's community property for payment of a community obligation . . ."); *Elia v. Pifer*, 194 Ariz. 74, 83 (Ct. App. 1998) ("[C]ommunity property can be reached by creditors to satisfy a community debt."). Crucially, this principle extends to criminal restitution if the criminal act of one spouse benefited the community. *See Cadwell v. Cadwell*, 126 Ariz. 460, 463 (Ct. App. 1980) ("To the extent that the community benefited from criminal acts of [the wife] which were intended by her to benefit the community, so that [the husband] was benefited even though he was without knowledge of the acts or the criminal character thereof, [the husband's] share of the community estate thus enhanced would be liable."). Here, objectors do not argue Schoenfeld's criminal acts did not benefit the community.

While Arizona state law requires both spouses to be "sued jointly" before community property can be used to satisfy a community debt, *see* Ariz. Rev. Stat. Ann. § 25-215(D), the magistrate judge relies on binding Ninth Circuit precedent overriding the joint suit requirement:

> [C]onsistent with Arizona law, a federal judgment from a district other than the District of Arizona, registered under § 1963, in which only one spouse was named in the underlying action, may nevertheless be executed on the community property of both spouses, in Arizona, if the judgment is for a community obligation, despite failure to name the other spouse in the action filed outside Arizona.

*Gagan v. Sharar*, 376 F.3d 987, 992 (9th Cir. 2004). The magistrate judge's analysis and conclusion in this respect also is not in error.

Applying Arizona law to the facts here, the government may reach objectors' community property for payment of restitution, but not Edler's separate property. The only remaining question is whether any of the property in dispute is Edler's separate property. The objectors do

8

not argue the accounts under Edler's name are separate property, or that Schoenfeld's debt was not a community debt. *See generally* Obj.; Reply; Mot. Quash. As to the contents of the safety deposit box, and as noted by the magistrate judge, the objectors do not provide sufficient support for their allegation that the contents are Edler's sole and separate property. F. &. R. at 8; *see* Mot. Quash at 9.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed January 5, 2022 are adopted in full;
2. The objections to the Writs of Continuing Garnishment are overruled; and
3. Plaintiff's applications for Writs of Continuing Garnishment are granted.

DATED: December 6, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE